**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jesus Baez, | Civil No. 09-2121 (RHK/LIB) |
| Plaintiff-Appellant, | **ORDER** |
| v. | |
| Officer Rosemack, Lee Whitter, Putter, PA. Nurse, Dr. Nelson, Joyce Petterson, Nurse Petterson, PA, Michelle Holtan, Nurse, Dr. Cleghorn, MD, Nurse Cherry, and Warden D. Terrell, | |
| Defendants-Appellees. | |

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), in his pending appeal to the Eighth Circuit Court of Appeals (Doc. No. 125). For the reasons discussed below, the Court concludes that (a) Plaintiff should be granted leave to proceed IFP on appeal, and (b) Plaintiff should be required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $13.33.

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $455 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $455 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. Id. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. Whether the prisoner is destitute or not, any remaining balance of the $455 filing fee must be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied, regardless of his financial circumstances, if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the Court finds that Plaintiff is not wholly destitute. His IFP application is supplemented by a prison trust account statement, which shows that he deposited a total of $400.00 during the preceding six months, which is an average of $66.67 per month. The IFP application also shows that the average balance in the account during the same period was $16.76. Because the

average deposit amount is greater than the average balance amount, Plaintiff's initial partial filing fee will be twenty percent of the former amount, (i.e., twenty percent of his average monthly deposits), which is $13.33, ($66.67 x 20% = $13.33). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $455 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Although the Court remains fully satisfied that all of Plaintiff's claims were properly dismissed, his appeal is not considered to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is deemed to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and he will be granted IFP status on appeal.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $13.33;

2. The remaining balance of the $455 filing fee for Plaintiff's appeal must be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

3. Subject to the foregoing requirements pertaining to the payment of the filing fee, Plaintiff's application to proceed in forma pauperis on appeal (Doc. No. 125) is **GRANTED**.

Dated: December 22, 2011

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge